

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion Number O-5185
Re: Payment of compensation
to election officials
holding common school
district trustee elections.

We have received your letter of recent date which we quote, in part, as follows:

"The question has arisen as to whether the compensation for services rendered by persons appointed to hold elections are to be paid by the County or Schools in Common School Districts including those Districts that have been consolidated but are also classed as Common School Districts."

Article 2746, Vernon's Annotated Civil Statutes, relating to common school district trustee elections, provides, in part, as follows:

"Said trustees shall appoint three (3) persons, qualified voters of the district, who shall hold such election and make returns thereof to said trustees within five (5) days after such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

election, and said persons shall receive as
compensation for their services the sum of One
Dollar ($1) each, to be paid out of the local
funds of the school district where the election
was held."

Prior to its amendment in 1941 (House Bill No. 11,
Ch. 623, Acts 47th Legislature), this statute provided that
the one dollar compensation to the election officials should
be paid out of the county general fund. However, the amend-
ment changed the statute by providing that such compensation
shall be "paid out of the local funds of the school district
where the election was held." This was the only respect in
which the statute was changed.

The emergency clause of House Bill No. 11 reads, in
part, as follows:

"Sec. 2. The fact that the general fund of
the several counties of this State is much de-
pleted creates an emergency * * *."

Article 2746a provides that the expenses of printing
and delivering the ballots to the presiding officer, "together
with the other expenses incidental to said election shall be
paid out of the available maintenance funds belonging to the
school district in which said election is held, or to be held."

Article 2746b provides that all expenses in connection
with or incidental to any school district election shall be
paid out of the maintenance fund of said district.

In view of these statutory provisions there can be no
doubt that the one dollar compensation to officials for hold-
ing common school district trustee elections should be paid
out of the local funds of the school district.

Honorable I. Predecki, page #3

Additional considerations enter in, however, when consolidated common school district trustee elections are involved. Articles 2774a (Section 3) and 2808 both provide that officials holding such elections shall receive two dollars a day for such services. We quote the last sentence of Section 3 of Article 2774a as follows:

"The board of trustees of the district shall appoint three qualified voters of the district to hold said election and make returns thereof in like manner as provided by law for holding elections for trustees in common school districts, except that the persons holding said election shall each receive from the general fund of the county two dollars a day for such services."

You will notice that the article provides that persons holding the election shall receive the two dollars from the general fund of the county. But we believe that the amendment in 1941 to Article 2746 changed the source of payment from the county general fund to the maintenance fund of the district. Our reasons for this view are stated as follows: When Article 2774a was enacted in 1930 the general law (Article 2746) provided that the compensation of officials holding common school district trustee elections should be one dollar and should be paid from the general fund of the county. Therefore, the only difference between Section 3 of Article 2774a and the general law in this respect was the amount of the compensation - two dollars as against one dollar. It follows that the part of Section 3 of Article 2774a providing for payment to be made from the county general fund was pure surplus. The intention was declared in Section 3 that the election should be held as elections for common school district trustees except, eliminating the surplus part, that the compensation of election officials should be two dollars.

The emergency clause of the 1941 amendment states: "The fact that the general fund of the several counties of this State

Honorable I. Predecki, page #4

is much depleted * * *." This language clearly shows the reason for the change of the source of payment from the general fund to school funds. The same reason would apply with equal force to the compensation of persons holding consolidated common school district trustee elections. We do not think that the amount of compensation mentioned in Section 3 (two dollars) was affected by the 1941 amendment, for it is clearly shown in the emergency clause that it was not the amount of compensation that prompted the change, but, rather, the source of payment.

As we have heretofore mentioned, the intention was shown in Section 3 of Article 2774a that consolidated school district trustee elections should be held as elections for common school district trustees except that the compensation should be two dollars. You are, therefore, advised that the one dollar compensation to persons for holding a common school district trustee election and the two dollars compensation to persons for holding a consolidated common school district trustee election should be paid out of the local funds of the district in which such election was held.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_
George W. Sparks
Assistant

GWS-s

APPROVED APR 13, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

O.K.
C.e.R.


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN